IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON, ARX, LL, *et al*., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-519 |
| | § | |
| MARK OSBORN, *et al*., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

The plaintiffs, Houston ARX, LLC and Houston ARX I LLC—together Houston ARX—entered into a franchise agreement with ActiveRx Development Company to open "Active Aging Centers," selling a system designed to target aging individuals and treat their health needs. Within two years of signing the franchise agreement, ActiveRx notified Houston ARX that it was closing its business. Houston ARX sued, asserting negligence claims against ActiveRx and various employees and directors for mismanaging the company, and fraud claims for failing to disclose or affirmatively misrepresenting the company's precarious financial situation.

Matt Darrah, an individual defendant and a Houston ARX director, moved to dismiss under Rules 12(b)(6) and 9(b). (Docket Entry No. 14). Houston ARX did not respond. Based on the complaint, the motion, and the applicable law, the motion to dismiss is granted without prejudice and with leave to amend. Any amended complaint must be filed by **September 22, 2017**.

**I.     Background**

Houston ARX signed a franchise agreement with ActiveRx Development Company to sell a "system . . . designed by Defendants to target aging individuals and [] treat their specific health needs." (Docket Entry No. 1-2 at 4). The franchise agreement allowed Houston ARX the right to

operate an ActiveRx Active Aging Center and required Houston ARX to pay $229,00 as a development fee and $49,000 as an "Initial Franchise Fee." (*Id.* at ¶ 21).

Less than two years after Houston ARX signed the franchise agreement, ActiveRx announced that it was "immediately closing down and ceasing its business." (*Id.* at ¶ 22). Houston ARX sued ActiveRx and five of its directors, officers, representatives, and agents asserting negligence and fraud against all of the defendants. (*Id.* at ¶¶ 32, 34). Houston ARX also asserted a breach of contract claim against ActiveRx. (*Id.* at ¶ 33). Houston ARX alleges that ActiveRx's officers and directors mismanaged the company in various ways, including moving the corporate headquarters, "investing in a rebranding campaign with no purpose," "hiring incompetent and ineffective personnel," failing to secure additional franchises, and failing to raise sufficient capital, causing the company's decline. (*Id.* at ¶¶ 23–29). Houston ARX also alleges that it relied on the documents ActiveRx provided before signing the franchise agreement. (*Id.* at ¶ 18). Some of the documents contained allegedly inaccurate information that was "self-serving" and "unsubstantiated," including inaccurate information about ActiveRx's financial earnings and performance experience. (*Id.* at ¶ 19).

## II.  The Legal Standard under Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The

Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). A plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F.App'x 534, 535 (5th Cir. 2007) ("'A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

### III. Analysis

#### A. The Negligence Claim

Darrah moves to dismiss Houston ARX's negligence claim because the complaint did not identify any legal duty Darrah owed Houston ARX. Negligence actions in Texas require "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach." *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). The only duty that Houston ARX alleges is the duty "Defendants had [] to manage [ActiveRx] responsibly, to disclose all relevant information, to operate the business in a reasonable manner, and to refrain from

3

making negligent misrepresentations." (Docket Entry No. 1-2 at ¶ 32). Houston ARX does not identify the duty that Darrah, as a director of the franchisor, owed to Houston ARX, the franchisee. Because Houston ARX has not alleged the duty Darrah owed to Houston ARX, the motion to dismiss the negligence claim is granted, without prejudice and with leave to amend.

    **B.**    **The Fraud Claim**

To assert a claim for common-law fraud, a plaintiff must plead that: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Fraud claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires claims for fraud to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The Fifth Circuit has interpreted this to require a plaintiff pleading fraud "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 412 (5th Cir. 2001) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)); *see also Askanase v. Fatjo*, 148 F.R.D. 570, 574 (S.D. Tex. 1993) ("The allegations should allege the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants."). "A dismissal for failure to plead with particularity . . . is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim." *Kiper v. BAC Home Loans Servicing, LP*, 884 F.Supp.2d 561, 568 (S.D. Tex. 2012), *aff'd*, 534 F. App'x 266 (5th Cir. 2013) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

Houston ARX's fraud allegations parrot the elements of the cause of action. The complaint alleges that the "Defendants made representations to Plaintiffs which were false and the Defendants either knew they were false at the time such representations were made or recklessly made them without knowledge of the truth." (Docket Entry No. 1-2 at ¶ 34). The complaint does not allege facts relating to the fraud, identify who made the alleged misrepresentations, when or how the representations were made, the content of the representations, or why it was false when made. *See Nathenson*, 267 F.3d at 412.

Nor does Houston ARX's pleading allege any facts tying Darrah to the false representation. A corporate officer may be held individually liable for a corporation's fraudulent statements if he knowingly participates in, or has actual or constructive knowledge of, the statements. *Green Hills Dev. Co., LLC v. Credit Union Liquidity Servs., LLC*, No. 3:11-CV-1885-P, 2013 WL 12126783, at *3 n.1 (N.D. Tex. May 14, 2013) (citing *Portlock v. Perry*, 852 S.W.2d 578, 582 (Tex. App.—Dallas 1993, writ denied). Houston ARX has provided no facts showing that Darrah knowingly participated in the fraudulent representations or that he had actual or constructive knowledge of the representations and their falsity.

The motion to dismiss the fraud claim is granted without prejudice, and with leave to amend.

**IV. Conclusion**

The motion to dismiss, (Docket Entry No. 14), is granted without prejudice and with leave to amend no later than **September 22, 2017**.

SIGNED on August 23, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge